Docusign Envelope ID: 26F2152E-BF35-4471-BFC2-70E8ED5E6E1F

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. |
| Plaintiff, | |
| v. | **PLEA AGREEMENT** |
| TARGA BADLANDS LLC, | |
| Defendant. | |

Pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, the United States of America, by its attorneys, Mac Schneider, United States Attorney for the District of North Dakota, and Jonathan J. O'Konek, Assistant United States Attorney; Defendant, TARGA BADLANDS LLC; and Defendant's counsel, Kevin D. Collins, agree to the following:

1. Defendant acknowledges the Information charges violations of Title 42, United States Code, Section 7413(c)(1) and Title 40, Code of Federal Regulations, Part 63, Subpart ZZZZ, Section 63.6625(b).

2. Defendant has read the Charge and Defendant's attorney has fully explained the Charge to Defendant.

3. Defendant fully understands the nature and elements of the charged crime.

4. (a) Defendant will voluntarily plead guilty to the Sole Count of the Information. (**Clean Air Act – NESHAP ZZZZ Violation**).

(b) Additionally, Defendant will, pursuant to Rule 7(b) of the Federal Rules of Criminal Procedure, waive prosecution by Indictment. Defendant and

Docusign Envelope ID: 26F2152E-BF35-4471-BFC2-70E8ED5E6E1F

attorney for Defendant acknowledge that Defendant has been apprised of all plea offers made by the United States and knowingly and intelligently accepts the terms of this Plea Agreement.

5.    The parties agree this Plea Agreement shall be filed as part of the Court record and be governed by Federal Rule of Criminal Procedure 11(c). The parties specifically agree that Rule 11(c)(1)(C) does not apply. If the United States makes the non-binding recommendations specified in this Plea Agreement, then Defendant acknowledges that this agreement will have been fulfilled. Except as provided in Rule 11(c)(5), the Court's refusal to accept any or all terms of the Plea Agreement does not give Defendant a right to withdraw Defendant's guilty plea.

6.    Defendant will plead guilty because Defendant is in fact guilty of the Charge. In pleading guilty to the Sole Count, Defendant acknowledges that:

Between on or about October 16, 2018, to on or about May 26, 2022, in the District of North Dakota, on the Fort Berthold Indian Reservation, TARGA BADLANDS LLC, was the owner and operator of a stationary source of air pollution, namely, the Johnson Compressor Station, a fenced facility, located 9571 BIA Route 12, Mandaree, ND 58757, in Dunn County, North Dakota, within the exterior boundaries of the Fort Berthold Indian Reservation, which was subject to NESHAP ZZZZ, and knowingly violated 40 C.F.R. § 63.6625(b), by failing to timely install a Continuous Parameter Monitoring System ("CPMS") at Johnson Compressor Station Engine EU 1 until May 26, 2022, and at Johnson Compressor Station Engine EU 41 until March 23, 2022, which was required to be installed on:

1) Engine EU 41 by October 15, 2018, immediately upon Engine EU 41's start-up; and

2) Engine EU 1 by October 15, 2021, which represented three (3) years from the date that Defendant made a modification to Engine EU1 that caused the compressor station to be a "major source" of hazardous air pollutants ("HAP");

Docusign Envelope ID: 26F2152E-BF35-4471-BFC2-70E8ED5E6E1F

In violation of Title 42, United States Code, Section 7413(c)(1) and Title 40, Code of Federal Regulations, Part 63, Subpart ZZZZ, Section 63.6625(b).

Additional Facts:

On February 26, 2019, pursuant to 40 C.F.R. § 22.13(b), Defendant and EPA entered into a Consent Agreement and Final Order ("CAFO") wherein Defendant agreed to pay a $220,000.00 civil penalty to the United States for NESHAP violations pertaining to a stationary RICE at the Junction Compressor Station.

On December 14, 2021, pursuant to 40 C.F.R. § 22.13(b), Defendant and the EPA entered into a CAFO wherein Defendant agreed to pay a $250,000.00 civil penalty to the United States for, among other things, alleged violations of NESHAP requirements applicable to natural gas production facilities at the Blue Buttes Compressor Station, Clark's Creek Compressor Station, Johnson Compressor Station, Junction Compressor Station, and TAT-Blue Buttes Compressor Station.

Defendant acknowledges that its conduct satisfies all the elements of a Clean Air Act – NESHAP ZZZZ Violation, pursuant to Title 42, United States Code, Section 7413(c)(1) and Title 40, Code of Federal Regulations, Part 63, Subpart ZZZZ, Section 63.6625(b) as alleged in the Information, and that this Court has jurisdiction over this matter.

Defendant self-identified, self-reported, and corrected the failure to timely install CPMS equipment at the Johnson Compressor Station. Defendant identified the issue in early 2022, and promptly corrected the technical issue by installing the monitoring equipment. Defendant has adopted and implemented policy and procedural best practices to improve environmental permit review and implementation of permit requirements at the Defendant's compressor stations in North Dakota and improved the Defendant's Environmental, Safety, and Health verification and audit functions to prevent these types of issues from reoccurring going forward. Additionally, Defendant voluntarily committed to installing condenser units and associated equipment to condense and remove vapors from benzene and other compounds from natural gas dehydration units located on the Fort Berthold Indian Reservation.

7.    Defendant understands the following maximum penalties apply:

Sole Count

**Clean Air Act – NESHAP ZZZZ Permit Violation**

Maximum Penalties

Docusign Envelope ID: 26F2152E-BF35-4471-BFC2-70E8ED5E6E1F

| | |
|---|---|
| Imprisonment: | 5 years (likely inapplicable for an organization) |
| Fine: | $500,000 (18 U.S.C. § 3571(c)(3) for an organization) |
| Restitution: | 18 U.S.C. § 3663(c)(2)(B) ("In no case shall the amount of restitution ordered under this subsection exceed the amount of the fine which may be ordered for the offense charged in this case.") |
| Supervised Release: | 3 years (likely inapplicable for an organization) |
| Probation: | 5 years (18 U.S.C. § 3561(c)(1)) |
| Special Assessment: | $400 (18 U.S.C. § 3013(c)(2)(4) for an organization) |

Defendant agrees to pay the Clerk of United States District Court the special assessment on or before the day of sentencing.

8.    Defendant understands that by pleading guilty Defendant surrenders rights, including:

(a)    The right to a speedy public jury trial and related rights as follow:

(i)    A jury would be composed of twelve (12) lay persons selected at random. Defendant and Defendant's attorney would help choose the jurors by removing prospective jurors "for cause," where actual bias or other disqualification is shown; or by removing jurors without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict. The jury would be instructed that Defendant is presumed innocent and that it could not return a guilty verdict unless it found Defendant guilty beyond a reasonable doubt.

Docusign Envelope ID: 26F2152E-BF35-4471-BFC2-70E8ED5E6E1F

(ii)    If a trial were held without a jury, then the Judge would find the facts and determine whether Defendant was guilty beyond a reasonable doubt.

(iii)    At a trial, whether by a jury or Judge, the United States is required to present witness testimony and other evidence against Defendant. Defendant's attorney can confront and examine them. In turn, the defense can present witness testimony and other evidence. If witnesses for Defendant refuse to appear voluntarily, Defendant can require their attendance through the subpoena power of the Court.

(iv)    At trial, Defendant has a privilege against self-incrimination; thus, Defendant can decline to testify. No inference of guilt can be drawn from Defendant's refusal to testify. Defendant can choose to testify but cannot be required to testify.

(b)    Defendant has a right to remain silent. However, under terms of the Plea Agreement, the Judge will likely ask Defendant questions about Defendant's criminal conduct to ensure that there is a factual basis for Defendant's plea.

9.    Defendant understands that by pleading guilty Defendant is giving up all of the rights set forth in the prior paragraph, and there will be no trial. Defendant's attorney has explained those rights, and the consequences of Defendant's waiver.

10.    The Court shall impose a sentence sufficient to comply with purposes set forth in the Sentencing Reform Act. In doing so, the Court shall consider factors set forth

Docusign Envelope ID: 26F2152E-BF35-4471-BFC2-70E8ED5E6E1F

in 18 U.S.C. § 3553(a) and must consult and consider the United States' Sentencing Commission, Guidelines Manual, (Nov. 2023) (USSG). Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation and Pretrial Services Office of the nature, scope, and extent of Defendant's conduct, including all matters in aggravation and mitigation relevant to the issue of sentencing. The United States expressly reserves the right to appeal from an unreasonable sentence.

11.    This Plea Agreement is binding only upon the United States Attorney for the District of North Dakota. It does not bind any United States Attorney outside the District of North Dakota, nor does it bind any state or local prosecutor. They remain free to prosecute Defendant for any offenses under their jurisdiction. This Plea Agreement also does not bar or compromise any civil or administrative claim.

12.    Defendant understands the United States Attorney reserves the right to notify any local, state, or federal agency by whom Defendant is licensed, or with whom Defendant does business, of Defendant's conviction.

13.    **The parties agree that the Defendant's conduct is governed by USSG §** **8A1.1**, which states that "[t]his chapter applies to the sentencing of all organizations for felony and Class A misdemeanor offenses."

14.    The parties agree that the following **USSG Chapter 8 provisions** are applicable in this case:

Docusign Envelope ID: 26F2152E-BF35-4471-BFC2-70E8ED5E6E1F

- **Remedying Harm from Criminal Conduct** – Sentencing requirements and options relating to restitution, remedial orders, community service, and notice to victims. (USSG § 8A1.2(a)). The parties further agree:

  (1) Pursuant to USSG § 8B1.1, that the Defendant shall make restitution as ordered by the Court (*if applicable*).

  (2) Pursuant to USSG § 8B1.2, that the Defendant, as a condition of probation, may order the Defendant to eliminate or reduce the risk that the instant offense will cause on future harm.

  (3) Pursuant to USSG § 8B1.3, that the Defendant agrees to perform a period of community services, if ordered by the Court.

- **Fines** – Sentencing requirements and options relating to fines. (USSG § 8A1.2(b)).

  (1) Pursuant to USSG § 8C2.1, the parties agree, if the Defendant were an individual, the provisions of USSG § 2Q1.2(a)) would apply as the offense of conviction is an "Offense Involving the Environment." Therefore, as noted in the commentary of USSG § 8C2.1, "the provisions of §§ 8C2.2 through 8C2.9 do not apply to counts for which the applicable guideline offense level is determined under Chapter Two Part Q (Offenses Involving the Environment). For such cases, §8C2.10 (Determining the Fine for Other Counts) is applicable."

Docusign Envelope ID: 26F2152E-BF35-4471-BFC2-70E8ED5E6E1F

(2) Pursuant to USSG § 8C2.10, the parties agree, "the court should determine an appropriate fine by applying the provisions of 18 U.S.C. §§ 3553 and 3572."

- **Organizational Probation** – Sentencing requirements and options relating to probation. (USSG § 8A1.2(c)).

    (1) Pursuant to USSG § 8D1.1, the parties agree that the Court shall order a term of probation if necessary to "secure payment of restitution," "enforce a remedial order," or "ensure completion of community service."

- **Special Assessments, Forfeitures, and Costs** – Sentencing requirements relating to special assessments, forfeitures, and costs. (USSG § 8A1.2(d)).

    (1) Pursuant to USSG § 8E1.1, the parties agree that the Court shall order a special assessment of $400.00

15.     Neither the Court nor the Probation Office is a party to the Plea Agreement. Neither the Court nor the Probation Office is bound by the Plea Agreement as to determining the Sentencing Guideline range. The Court may depart from the applicable guidelines range if the Court, on the record, states factors not contemplated by the Sentencing Guidelines' Commission to justify the departure. Both parties reserve the right to object to any departure. See USSG § 1B1.1, comment. (n.1) (defines "departure"). There may be other adjustments the parties have not agreed upon.

16.     **At sentencing, the parties will jointly agree to:**

    (a)     Recommend a sentence of three years of probation.

8

Docusign Envelope ID: 26F2152E-BF35-4471-BFC2-70E8ED5E6E1F

(b)  Recommend, while on—and as a condition of—probation to further remedial action, that the Court order Defendant to comply with the terms of its Administrative Consent Agreement with the EPA.

(c)  Recommend, as a condition of probation, that Defendant complete 500 hours of community service to the Mandan, Hidatsa, and Arikara (MHA) Nation, also known as the Three Affiliated Tribes, on the Fort Berthold Indian Reservation. Defendant agrees to consult with MHA Nation governmental representatives prior to starting these community service hours to better promote the purposes of USSG § 8B1.3 and offer Defendant's unique "knowledge, facilities, or skills" to educating on, and remedying concerns about, environmental matters.

(d)  Recommend that Defendant pay a fine of $500,000.

(e)  At the time of sentencing, the parties agree that the United States agrees not to charge Defendant, its parent entities, affiliate entities, successors, assigns, or the Defendant's or any related entities' officers, directors, partners, employees, shareholders, investors, or agents with any additional alleged violations for any known or unknown acts arising from conduct related to the subject matter of the government's Clean Air Act investigation and occurring between October 15, 2018, and the date this Plea Agreement is finalized..

17.  Defendant acknowledges and understands that if Defendant violates any term of this Plea Agreement, engages in any further criminal activity, or fails to appear

Docusign Envelope ID: 26F2152E-BF35-4471-BFC2-70E8ED5E6E1F

for sentencing, the United States will be released from its commitments. In that event, this Plea Agreement shall become null and void at the discretion of the United States, and Defendant will face the following consequences: (1) all testimony and other information Defendant has provided at any time to attorneys, employees, or law enforcement officers of the government, to the Court, or to the Federal Grand Jury, may be used against Defendant in any prosecution or proceeding; and (2) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against Defendant and to use any information obtained directly or indirectly from Defendant in those additional prosecutions. Nothing in this agreement prevents the United States from prosecuting Defendant for perjury, false statement(s), or false declaration(s), if Defendant commits such acts in connection with this agreement or otherwise.

18.     Defendant agrees to pay restitution if ordered by the Court.

19.     The United States will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. Defendant and Defendant's attorney acknowledge that no threats, promises, or representations exist beyond the terms of this Plea Agreement.

20.     **Defendant's Waiver of Appeal**. Defendant acknowledges having been advised by counsel of Defendant's rights to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through post-conviction proceedings, including proceedings under 28 U.S.C. § 2255. Defendant understands these rights, and in exchange for the

Docusign Envelope ID: 26F2152E-BF35-4471-BFC2-70E8ED5E6E1F

concessions made by the United States in this plea agreement, Defendant hereby knowingly and voluntarily waives these rights, except as specifically reserved herein. Defendant's waiver of these rights includes, but is not limited to, a waiver of all rights to appeal or to collaterally attack: Defendant's conviction or sentence; all non-jurisdictional issues; any assessment, restitution or forfeiture order; the constitutionality of the applicable guidelines; and the constitutionality of the statute(s) to which Defendant is pleading guilty or under which Defendant is sentenced, or to argue that the admitted conduct does not fall within the scope of the statute(s). Defendant only reserves the right to appeal or to collaterally attack the conviction or sentence based on a claim of ineffective assistance of counsel that challenges the validity of the guilty plea or this waiver.

21.     By signing this Plea Agreement, Defendant further specifically waives Defendant's right to seek to withdraw Defendant's plea of guilty, pursuant to Federal Rules of Criminal Procedure 11(d), once the plea has been entered in accordance with this agreement. The appellate court will enforce such waivers. Defendant agrees that any attempt to withdraw Defendant's plea will be denied and any appeal of such denial should be dismissed.

22.     The Assistant United States Attorney and attorney for Defendant agree to abide by the provisions of Rule 32(f) of the Federal Rules of Criminal Procedure. The attorneys acknowledge their obligation to use good-faith efforts to resolve any disputes

Docusign Envelope ID: 26F2152E-BF35-4471-BFC2-70E8ED5E6E1F

regarding the Presentence Investigation Report (PSIR) through a presentence conference or other informal procedures.

23.     Defendant acknowledges reading and understanding all provisions of the Plea Agreement. Defendant and Defendant's attorney have discussed the case and reviewed the Plea Agreement. They have discussed Defendant's constitutional and other rights, including, but not limited to, Defendant's plea-statement rights under Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure.

AGREED:

MAC SCHNEIDER
United States Attorney

Dated: **December 16, 2024**

By: JONATHAN J. O'KONEK
Assistant United States Attorney

Dated: **December 16 2024**

TARGA BADLANDS LLC
Defendant

Dated: **December 16, 2024**

KEVIN D. COLLINS
Attorney for Defendant